**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Albert Nichols, | No. CV-06-2444-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. |  |
| Michael J. Astrue, Commissioner of Social Security, |  |
| Defendant. |  |

Pending before the Court is Plaintiff's motion for summary judgment (Doc. # 1) and Defendant's cross motion for summary judgment (Doc. # 12). Having considered the arguments set forth by the parties in their pleadings and motions and the evidence in the record as a whole, the Court will deny Plaintiff's motion for summary judgment and grant Defendant's cross motion for summary judgment.

**I. BACKGROUND**

On July 20, 2004, Plaintiff filed an application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act alleging an onset date of December 31, 2001 (Tr. 70, 572-574). Plaintiff was last insured for Social Security disability on December 31, 2001 (Tr. 66). Plaintiff also applied for Supplemental Security Income, which was denied initially and upon reconsideration (Tr. 95-99, 39-42). At Plaintiff's request, an Administrative Law Judge

1  held a hearing on January 25, 2006 (Tr. 592-607). The ALJ found that Plaintiff became
2  disabled on July 12, 2004 and that, prior to that date, the Plaintiff had the residual functional
3  capacity to perform light work (Tr. 22). The Appeals Council subsequently denied Plaintiff's
4  request to review the ALJ's decision (Tr. 4-6).

**II. STANDARD OF REVIEW**

The Commissioner's decision to deny benefits will be overturned "only if it is not supported by substantial evidence or is based on legal error." Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). When reviewing a determination of a disability onset date, this Court must resolve "whether the chosen onset date is supported by substantial evidence, not whether an earlier date could have been supported." Villa v. Heckler, 797 F.2d 794, 797 (9th Cir. 1986) (quoting Swanson v. Secretary of Health & Human Servs., 763 F.2d 1061, 1065 (9th Cir. 1985)). Substantial evidence is more than a mere scintilla, but less than a preponderance. Reddick v. Charter, 157 F.3d 715, 720 (9th Cir. 1998). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id.

In determining whether there is substantial evidence to support a decision, this Court considers the record as a whole, weighing both the evidence that supports the ALJ's conclusions and the evidence that detracts from the ALJ's conclusions. Id. If there is sufficient evidence to support the Commissioner's determination, the Court cannot substitute its own determination. See Young v. Sullivan, 911 F.2d 180, 184 (9th Cir. 1990). Additionally, the ALJ is responsible for resolving conflicts in medical testimony, determining credibility, and resolving ambiguities. See Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Thus, if on the record before this Court, substantial evidence supports the Commissioner's decision, this Court must affirm it. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989); see also 42 U.S.C. § 405(g).

Under the Social Security Act, a "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423 (d)(1)(A). An individual is determined to be under a disability if, "[H]is physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423 (d)(2)(A); Reddick, 157 F.3d at 721. If the claimant shows that he or she is unable to perform past relevant work, the burden shifts to the Commissioner to show that the claimant "[C]an perform other substantial gainful work that exists in the national economy." Reddick, 157 F.3d at 721. The Plaintiff has the burden to establish disability. Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1459-1460 (9th Cir. 1995). Where the evidence can have more than one rational interpretation and the Commissioner has provided a rational interpretation of the evidence, the Commissioner's decision should be upheld. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

## III. ANALYSIS

Plaintiff claims that the ALJ did not properly consider Plaintiff's claim that he qualified for disability status under Listings 4.04 and 3.02. Further, Plaintiff asserts that the disability onset date chosen was arbitrary and without medical support.

### A. LISTINGS 4.04 AND 3.02

Plaintiff contends that the ALJ did not adequately consider the Social Security Listings, specifically Listings 4.04 and 3.02. The ALJ acknowledged that the Plaintiff had "severe impairments of hypertension, coronary artery disease, status post PCTA and stenting in October 1998, status post four-vessel coronary artery bypass grafting in August 2002, asthma, history of treatment for nephrolithiasis/hematuria/renal coli, low back pain, morbid obesity, a bleed on the brain, and a history of diabetes" (Tr. 21). Even with the numerous

1   impairments the ALJ acknowledges the Plaintiff suffered, the ALJ found no impairment or
2   combination of impairments were severe enough to meet or medically equal an impairment
3   in the Listing of Impairments, 20 C.F.R. Part 404, Appendix 1, Subpart P (Tr. 21).

4       The medical record supports a finding that Plaintiff's condition did not meet or
5   medically equal Listing 4.04, which provides the requirements for disability due to ischemic
6   heart disease. Plaintiff's ability to participate in exercise testing in 1999 is contrary to the
7   Listing (Tr. 15, 213). In 1998 the Plaintiff's doctor reported that the Plaintiff was
8   "asymptomatic from a cardiac standpoint." Additionally, the Plaintiff's medical record does
9   not show any further cardiac treatment until 2002 (Tr. 15, 202). In 2003, the Plaintiff
10  underwent another exercise electrocardiogram that was negative for ischemia (Tr. 16, 267).
11  Also, in February 2004, Dr. Liguori stated that in a medical evaluation Plaintiff had a normal
12  examination and no cardiac complaints (Tr. 16, 292-293).

13      Plaintiff also argues his condition met the requirements of Listing 3.02, which
14  provides the requirements for disability due to "chronic pulmonary insufficiency." Although
15  a pulmonary function test in April 2003 revealed severe obstructive lung disease, a State
16  Agency physician reported test results of "FEV1 47% and FVC 81%" and did not
17  recommend any Listing level impairment (Tr. 282). The record contains no evidence of any
18  functional assessments by treating physicians prior to October 2002 (Tr. 19). The
19  combination of the State Agency's recommendations and the Plaintiff's lack of functional
20  assessments support a finding that the Plaintiff did not meet the requirements for Listing
21  3.02.

22      The ALJ's decision that the Plaintiff's conditions did not meet or medically equal any
23  of the Social Security listings is supported by substantial evidence. In addition to Plaintiff's
24  objections to the ALJ's consideration of the Listings, Plaintiff also claims that the disability
25  onset date selected was arbitrary and capricious.

26
27      **B. DISABILITY ONSET DATE**
28

1         The medical record substantially supports the appropriateness of the ALJ's onset date
2  of July 12, 2004.  When reviewing a determination of a disability onset date, this Court must
3  resolve "whether the chosen onset date is supported by substantial evidence, not whether an
4  earlier date could have been supported."  Villa, 797 F.2d at 797.  In July 2004 the Plaintiff
5  was given a restriction of sedentary work and began treatment for back pain (Tr. 21-22).  In
6  September of the same year he complained of a three month history of back pain and was
7  prescribed physical therapy (Tr. 16-17, 504-512, 530-533).  Also in 2004, Plaintiff's x-rays
8  revealed a bleed on his brain for which he underwent surgery (Tr. 17, 345-346, 355-356).
9  The ALJ's chosen onset date is supported by substantial evidence of the Plaintiff's severe
10 back problems.

11        Plaintiff argues he became disabled sometime prior to July 2004.  But Plaintiff's
12 medical records indicate that prior to July 2004, the Plaintiff had substantial periods during
13 which his functioning was normal (Tr. 17-18).  In 2001, Plaintiff thought he could stand and
14 walk for twenty minutes at a time (Tr. 602-603).  In September 2002, Dr. Liguori stated that
15 the Plaintiff was treated for pneumonia, but described him as doing well (Tr. 15, 307).
16 Plaintiff reported in December of 2002 that he was walking for exercise and had no shortness
17 of breath or "dyspnea" on exertion (Tr. 16, 304-305).  In June 2003, Plaintiff was given an
18 exercise test in which he exhibited "above average" functional capacity (Tr. 16, 294, 367-
19 370).  In February 2004, Plaintiff stated he had the ability to walk one mile six days a week
20 for exercise (Tr. 18, 292, 304).  Also in February 2004, Dr. Liguori stated that Plaintiff had
21 a normal medical examination and had no cardiac complaints (Tr. 16, 292-293).  The great
22 deal of positive medical assessments prior to 2004 support the ALJ's decision that Plaintiff
23 had the residual functional capacity to work before 2004.

24        The ALJ also discounted the Plaintiff's subjective complaints of pain and other
25 symptoms prior to 2004 when weighing the opinions of Dr. Chung and Dr. Liguori.  See
26 Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (the ALJ is free to disregard a
27 physician's opinion which is based on subjective complaints).  An ALJ may consider various
28

1 factors in determining the credibility of the allegedly disabling subjective symptoms. See
2 20 C.F.R. 404.1529 and 416.929 (2006).  The ALJ discredited the Plaintiff's subjective
3 degree of impairment because his complaints were not supported by objective evidence.  For
4 example, while the Plaintiff testified that he had fatigue while being questioned by his
5 attorney, his medical records only show one complaint of fatigue which occurred in 1998 (Tr.
6 17-19, 206, 596).  The ALJ stated that the Plaintiff's daily activities were not as limited as
7 might be expected relative to his subjective complaints and specifically cited to the Plaintiff's
8 ability to cook meals and care for his grandchildren (Tr. 17-19).  Because the ALJ has stated
9 specific and substantial evidence to discredit the Plaintiff's testimony regarding his
10 subjective symptoms, the ALJ's findings are entitled to deference.  See Bunnell v. Sullivan,
11 947 F.2d 341, 345-346 (9th Cir. 1991).

12 Additionally due to inconsistences in the record the ALJ discounted parts of Dr.
13 Chung and Dr. Liguori's opinions (Tr. 19).  In response to Plaintiff's complaints of
14 headaches, Dr. Chung ordered a CT scan on November 22, 2004 and stated that there were
15 abnormal findings on the diagnostic study (Tr. 312).  Dr. Chung also completed an
16 assessment form for Social Security that stated that the Plaintiff's physical capacity would
17 not allow for sustained full-time employment (Tr. 265-266).  However, in Dr. Chung's
18 functional capacity form, on which he based his decision, there are no objective findings
19 outlined (Tr. 19, 265-266).  Dr. Liguori completed an assessment form for Social Security
20 in August of 2004 that allowed for light lifting, but not light standing (Tr. 290).  The ALJ
21 found it significant that Dr. Liguori restricted Plaintiff from lifting more than ten pounds for
22 a year, while the treating record only stated that the restriction was necessary for a few weeks
23 (Tr. 19, 297, 300).

24 When reviewing a determination of a disability onset date, this Court must resolve
25 "whether the chosen onset date is supported by substantial evidence, not whether an earlier
26 date could have been supported." Villa, 797 F.2d at 797.  The ALJ's chosen onset date is not

27
28

arbitrary as it is supported by substantial evidence of the Plaintiff's severe back problems. Additionally, the record supports the ALJ's rejections of an earlier disability onset date.

## V. CONCLUSION

The Court may set aside the ALJ's denial of disability benefits to Plaintiff only if the findings of fact are not supported by substantial evidence or if the denial was based on legal error.  See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Flaten, 44 F.3d at 1457. The evidence demonstrates that the Plaintiff's level of impairment did not rise to the levels required by the Social Security Listings.  Moreover, the ALJ's selected onset date of July 12, 2004 is supported by substantial evidence and cannot be considered arbitrary. The Court therefore will deny Plaintiff's motion for summary judgment and grant Defendant's cross motion for summary judgment.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for summary judgment (Doc. # 8) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's cross motion for summary judgment (Doc. # 12) is **GRANTED**.

DATED this 9th day of July, 2007.

_____
James A. Teilborg
United States District Judge